UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DAVID L. BOYKIN, <br><br> Plaintiff, <br><br> v. <br><br> CREDIT MANAGEMENT, LP, <br><br> Defendant. | CIVIL COMPLAINT <br><br><br> CASE NO. 6:22-cv-00554 <br><br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes DAVID L. BOYKIN ("Plaintiff"), by and through the undersigned, complaining as to the conduct of CREDIT MANAGEMENT, LP ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exits for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion of the events or omissions giving rise to these claims occurred within the Western District of Texas.

1

## PARTIES

4. Plaintiff is a consumer over-the-age of 18 that resides in Killeen, Texas, within the Western District of Texas.

5. Defendant is a debt collector as reflected on its website.[1] Defendant is a limited partnership organized under the laws of the state of Nevada with its principal place of business located at 6080 Tennyson Parkway, Suite 100, Plano, Texas 75024. Defendant regularly collects from consumers in the state of Texas.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect upon a Charter Communications (Spectrum) debt ("subject consumer debt"), alleged to be owed by Plaintiff.

8. Upon information and belief, after the subject consumer debt was in default, Defendant acquired the right to collect or attempt to collect the subject consumer debt.

9. Sometime in April of 2022, Plaintiff received a collection email from Defendant at his personal email address ending ***boykin35@gmail.com.

10. From this email, Plaintiff learned that Defendant was attempting to collect upon the subject consumer debt.

11. In response to the first email that Plaintiff received from Defendant, Plaintiff demanded that Defendant stop emailing him, also informing Defendant it was looking for the wrong person as the identifying information on the email it had sent did not match Plaintiff's information.

---

[1] https://www.creditmanagementonline.com

12. Defendant represented to Plaintiff that it will send the collection matter back to the original creditor, yet the emails continued.

13. Plaintiff subsequently called Defendant in response to aforementioned emails, again informing Defendant that the debtor's name, physical address, and date of birth do not belong to Plaintiff, again demanding that Defendant stop emailing him, yet the emails continued.

14. Plaintiff has made his demands that Defendant cease emailing him on numerous occasions over the phone and in writing, yet the collection emails for the erroneous account have persisted to the present.

15. Frustrated with Defendant's conduct, Plaintiff spoke with his undersigned attorneys regarding his rights, exhausting time, money and resources.

16. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

17. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, confusion, aggravation, emotional distress, being the target of unnecessary collection efforts, and a further violation of his state and federally protected interests to be free from harassing and deceptive collection conduct – interests which were materially harmed as a result of Defendant's false, deceptive, and misleading conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff repeats and realleges paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a (3) of the FDCPA.

20. Defendant is a "debt collector" as defined by §1692a (6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

21. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others.

22. The subject consumer debt is a "debt" as defined by FDCPA §1692a (5) as it arises out of a transaction due, or asserted to be owed or due, to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692d and 12 C.F.R. § 1006.14.

23. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. Pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

24. Defendant violated § 1692d and 12 C.F.R. § 1006.14(h) through its harassing and noncompliant collection campaign directed towards Plaintiff. Defendant was notified by Plaintiff orally and in writing that its emails were not welcome and needed to cease, further clarifying that Defendant was seeking collection from an individual who was not Plaintiff. Upon becoming aware of Plaintiff's desire to receive no further collection emails regarding the subject debt, Defendant was obligated to cease utilizing such medium of communication in its efforts to collect the subject debt from Plaintiff – however, such emails persisted notwithstanding Defendant's obligation to cease. Defendant engaged in this harassing and noncompliant conduct in an effort to harass and annoy Plaintiff into addressing an obligation which he did not owe.

25. Defendant further violated § 1692d by engaging in repeated efforts to collect a debt from Plaintiff which he does not owe. After first communicating with Plaintiff, Defendant was made aware that it was collecting a debt associated with information that was not Plaintiff's. However, Defendant persisted in its efforts to collect the subject debt through repeated collection efforts directed towards the wrong party, which is inherently conduct causing such non-debtor to feel harassed and oppressed as they were incorrectly roped into Defendant's collection campaign.

### b. Violations of 15 U.S.C § 1692e

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A); and,

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

28. Defendant violated §§ 1692e, 1692e(2)(A), and 1692e(10) through its misleading and deceptive attempts to collect a debt from Plaintiff which he does not owe. Defendant was made aware that Plaintiff was not the intended target of its collection efforts, yet Defendant persisted in its efforts to collect the subject debt from Plaintiff. Defendant's efforts in the face of the information provided by Plaintiff illustrates the extent to which Defendant's collection efforts were designed to deceptively compel Plaintiff's payment on a debt which he did not owe.

29. Defendant further violated §§ 1692e and 1692e(10) when it deceptively informed Plaintiff that it would cease sending emails to Plaintiff. Despite this representation. Defendant deceptively and misleadingly persisted in the emails to Plaintiff.

    **c. Violations of FDCPA § 1692f**

30. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

31. Defendant violated §1692f when it unfairly and unconscionably sought payment from Plaintiff after being informed that they were seeking payment from the wrong person.

32. Further, Defendant violated §1692f when it unfairly and unconscionably continued to email Plaintiff after Plaintiff demanded that Defendant cease in emailing him.

WHEREFORE, Plaintiff, DAVID L. BOYKIN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

35. Defendant is a "debt collector" and/or a "third party debt collector" as defined by Tex. Fin. Code Ann. §§ 392.001(6) and 392.001(7).

36. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.304**

37. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

38. Defendant violated the above-referenced portion of the TDCA by deceptively seeking payment from Plaintiff despite being informed that the subject consumer debt was not his.

WHEREFORE, Plaintiff, DAVID L. BOYKIN, respectfully requests that this Honorable Court grant the following:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiff; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 31, 2022                              Respectfully submitted,

                                                            s/ Nathan C. Volheim
                                                            Nathan C. Volheim, Esq. #6302103
                                                           Counsel for Plaintiff
                                                           Admitted in the Western District of Texas
                                                           Sulaiman Law Group, Ltd.

2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com